## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ORIUS CORP., et al., | ) | Case No. 05-63876 (Jointly Administered) |
| | ) | |
| Debtors. | ) | Hon. Judge Bruce W. Black |
| | ) | |

**AFFIDAVIT OF JOHN W. STARR IN SUPPORT OF EMERGENCY MOTION FOR AN ORDER (I) AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION AND (II) APPROVING THE FORM AND METHOD OF NOTICE OF, AND SCHEDULING, THE FINAL HEARING ON THE USE OF CASH COLLATERAL**

I, John W. Starr, pursuant to 28 U.S.C. § 1746, hereby depose and state as follows:

1.       I have been employed by Orius Corp. and its debtor affiliates ("Orius" or "Debtors")[1] since October of 2001.  I currently serve as the Vice President of Finance and Secretary of the Debtors.

2.       I submit this Affidavit in support of the Emergency Motion for an Order (i) Authorizing Use of Cash Collateral and Granting Adequate Protection and (ii) Approving the Form and Method of Notice of, and Scheduling, the Final Hearing on the Use of Cash Collateral (the "Motion") filed in the above captioned chapter 11 cases (the "Cases").  Any capitalized term not expressly defined in this Affidavit shall have the meaning ascribed to that term in the Motion.  Except as otherwise indicated, all facts set forth in this Affidavit are based upon my

---

[1] In addition to Orius Corp., the following Orius domestic affiliates (together with Orius, the "Debtors") also filed chapter 11 petitions on December 12, 2005 (the "Petition Date"):  NATG Holdings, LLC, Orius Telecom Services, Inc., Orius Telecommunication Services, Inc., Orius Central Office Services, Inc., Texor, Inc., CATV Subscriber Services, Inc., Hattech, Inc., Channel Communications, Inc., LISN, INC., Copenhagen Utilities & Construction, Inc., LISN Company, and U.S. Cable, Inc.

1

personal knowledge, my review of relevant documents, or my opinion, based upon my experience and knowledge of the Debtors' operations and financial condition. If I were called upon to testify, I could and would testify competently to the facts set forth herein.

3.      As Vice President of Finance of the Debtors, I am familiar with the Debtors' finances, their indebtedness to the Lenders, and the status of the Debtors' Obligations to the Lenders.

4.      As of the Petition Date, (i) the aggregate outstanding principal amount of Loans included in the Obligations was $96,313,359.57, (ii) the aggregate outstanding amount of accrued and unpaid interest and fees included in the Obligations was $45,752.47, (iii) the aggregate outstanding undrawn amount of Standby Letters of Credit included in the Obligations was $13,580,033.00, and (iv) the total amount of the Obligations outstanding as of the Petition Date was approximately $109,939,145.04.

5.      The Debtors believe that the Obligations are secured by security interests and liens in and against substantially all property of the Debtors in favor of the Agent on behalf of itself and the Lenders.

6.      The Debtors believe that the Term B-2 Loan and the Revolver are fully secured because they take priority over all other indebtedness evidenced by the Credit Agreement. Other than the Term B-2 Loan and the Revolver, the Debtors believe that all other Obligations are undersecured. The Debtors estimate that as of the Petition Date, the Lender's total unsecured claim against the Debtors is $64,974,990.97.

Executed on January 9, 2006 in Chicago Illinois.


                                              /s/ John W. Starr
                                              John W. Starr

Subscribed and sworn to me this
9th day of January, 2006


_____/s/ Debra Becker_____
Debra Becker, Notary Public