UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In Re:                                     )   Chapter 11
                                           )   Case No: 05 B 63876s
    Oruis Corp., et al.,                   )
                                           )   Honorable Bruce W. Black
        Debtors                            )
                                           )
_____)

**Findings of Fact and Conclusions of Law in Support of Order Awarding to Lord Bissell & Brook, LLP, Attorneys for Oruis Corp., for Allowance and Payment of Interim Compensation and Reimbursement of Expenses.**

| | | | |
|---|---|---|---|
| Total Fees Requested: | $1,481,219.00 | Total Costs Requested: | $117,255.51 |
| Fees Disallowed: | $      180.00 | Costs Disallowed: | $    3,179.76 |
| Total Fees Allowed: | $1,481,039.00 | Total Costs Allowed: | $114,075.75 |

Total Fees and Costs Allowed:      $1,595,114.75

THE COURT HAS IDENTIFIED THE NOTED TIME AND EXPENSE ENTRIES THAT HAVE BEEN DISALLOWED IN WHOLE OR IN PART

**(1)   Reimbursement Limited to Actual, Necessary Expenses**

The Court denies the allowance of reimbursement for expenses that were not actually and necessarily incurred by the applicant. *See* 11 U.S.C.§§330(a)(1)(B) & 331. The fee application fails to demonstrate that the requested expenses for photocopies or facsimiles (or both) were actual out-of-pocket disbursements and that the quoted rates were necessary in light of prevailing (and lower) commercial rates. In the absence of such proof, the Court will allow reimbursement of photocopy expenses at a rate of $.10 per page in accordance with prevailing commercial rates and will not allow expenses for facsimiles:

.01 overcharge for in-house copying                $1,929.82

**(2)   Insufficient Description**

The Court denies the allowance of compensation for the following task because the description of the time entry fails to identify in a reasonable manner the service rendered. *In re Pettibone*, 74 B.R. 293, 301 (Bankr. N.D. Ill. 1987) ("A proper fee application must list each activity, its date, the attorney who performed the work, a description of the nature and substance of the work performed, and the time spent on the work. [Citation omitted] Records which give no explanation of the activities performed are not compensable."); *In re Wildman*, 72 B.R. 700, 708-9 (Bankr. N.D. Ill. 1987):

STAN/CUS                                              $    1.50

(3)  **Meal Expenses**

The Court denies the allowance of reimbursement of this meal expense. *In re Covent Guardian Corp.*, 103 B.R. 937, 942 (Bankr. N.D. Ill. 1989)("[It is highly unlikely that counsel could prove that the meal expenses were reasonably necessary for the proper representation of the debtor . . . If the attorney were not working on the case, he would still have to eat. Accordingly, the Court finds that, except in very limited circumstances, local meals are not reasonably necessary for the proper representation of the client."):

J&L Catering                                                    $ 716.94

(4)  **Overhead Costs are Non-Compensable**

The Court denies reimbursement for fees or expenses that are overhead costs. Expenses that are overhead are not compensable because they are built into the hourly rate. *See In re Wildman*, 72 B.R. 700, 731 (Bankr. N.D. Ill. 1987). Overhead, for bankruptcy purposes, includes "all continuous administrative or general costs or expenses incident to the operation of the firm which cannot be attributed to a particular client or cost." *In re Convent Guardian Corp.*, 103 B.R. 937, 939-40 (Bankr. N.D. Ill. 1989) (quoting *In re Thacker*, 48 B.R. 161, 164 (Bankr. N.D. Ill. 1985)). Absent extraordinary circumstances, the court will not reimburse an applicant for local parking and transportation at the estate's expense. *See In re Convent Guardian Corp.*, 103 B.R. 937, 940-944 (Bankr. N.D. Ill. 1989).

| | |
|---|---|
| Correspondence w/Chamber | $ 180.00 |
| Deliveries to chambers | $ 48.30 |
| Binding & Tabs | $ 172.20 |
| Parking and cab fare | $ 131.00 |

**Lord Bissell & Brook, LLP** is hereby awarded an allowance of interim compensation and expenses as set forth above.

Dated: *8-29-06*                              Entered:

*Bruce W. Black*
**Bruce W. Black**
**United States Bankruptcy Court**