## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ORIUS CORP., et al., | ) | Case No. 05-63876 |
| | ) | (Jointly Administered) |
| Debtors, | ) | |
| | ) | Hon. Bruce W. Black |
| | ) | |
| | ) | Hearing Date: February 28, 2007 |
| | ) | Hearing Time: 9:30 a.m. |

### NOTICE OF MOTION AND NOTICE OF HEARING

TO:    See Attached Service List

**PLEASE TAKE NOTICE** that on **Wednesday, February 28, 2007 at 9:30 a.m.**, or as soon thereafter as counsel may be heard, we shall appear before the Honorable Bruce W. Black, United States Bankruptcy Judge, in the room usually occupied by him as a Courtroom in the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, or in his absence, before such other Judge who may be sitting in his place and stead and hearing bankruptcy motions, and shall then and there present the **Final Fee Application of Lord Bissell & Brook LLP as Counsel for Orius Corp. for Allowance of Compensation and Reimbursement of Expenses, Limited Notice and Related Relief**, a copy of which was served upon you on January 19, 2007, and shall pray for the entry of an order in conformity with the prayer of said application.

Dated: January 19, 2007                    Respectfully submitted,

LORD BISSELL & BROOK LLP


_____/s/ Aaron C. Smith_____
One of their attorneys

Forrest B. Lammiman
Timothy W. Brink
Aaron C. Smith
Timothy S. McFadden
Folarin S. Dosunmu
Lord, Bissell & Brook LLP
115 South LaSalle Street
Chicago, IL  60603
Tel: (312) 443-0675
Fax: (312) 443-6295

## <u>CERTIFICATE OF SERVICE</u>

I, Aaron C. Smith, hereby certify that I caused copies of the foregoing **Final Fee Application of Lord Bissell & Brook LLP as Counsel for Orius Corp. for Allowance of Compensation and Reimbursement of Expenses, Limited Notice and Related Relief** to be served upon the parties listed on the attached Service List, by first-class United States Mail, postage-prepaid, on this 19th day of January, 2007.

/s/ Aaron C. Smith
Aaron C. Smith

Forrest B. Lammiman
Timothy W. Brink
Aaron C. Smith
Timothy S. McFadden
Folarin S. Dosunmu
Lord, Bissell & Brook LLP
115 South LaSalle Street
Chicago, IL  60603
Tel: (312) 443-0675
Fax: (312) 443-6295

## GENERAL SERVICE LIST

### United States Trustee

United States Trustee
227 West Monroe Street
Suite 3350
Chicago, Illinois  60606
Fax:  (312) 886-5794

### Agent to the Prepetition Lenders

Deutsche Bank Trust Company Americas,
as Administrative Agent
31 West 52nd Street
New York, NY  10020
Attention: Robert Wood
Fax: (212) 797-5695

### Governmental Agencies

Illinois Department of Employment Security
Bankruptcy Unit
33 South State Street
Chicago, IL  60603
Attn:  Darrell Johnson
Telephone:  (312) 793-9475
Fax:  (312)793-4350

Internal Revenue Service
230 S. Dearborn Street, Mail Stop 5010 CHI
Attn:  Genora Reed
Chicago, IL 60604
Fax:  (312) 566-2826

Illinois Department of Revenue
Bankruptcy Section, Level 7-425
100 W. Randolph Street
Chicago, IL  60601
Telephone:  (312) 814-3704
Fax: (312) 814-4045

### Prepetition Lenders' Counsel

Matthew J. Botica
Winston & Strawn LLP
35 West Wacker Drive
Chicago, Illinois 60601-9703
Fax: (312) 558-5700
mbotica@winston.com

### Creditors' Committee Counsel

Harley J. Goldstein
Aaron L. Hammer
Thomas R. Fawkes
Joji Takada
**FREEBORN & PETERS LLP**
311 South Wacker Drive, Suite 3000
Chicago, IL  60606-6677
Telephone:  (312) 360-6520
Fax: (312) 360-6520

### Buyers and Counsel to the Buyers

Hilco Industrial, LLC
Attn:  Eric W. Kaup,Esq.
One Northbrook Place
5 Revere Drive
Suite j206
Northbrook, iL  60062
Email:  ekaup@hilcotrading.com
Fax: (847) 897-0766

Schatz Enterprises, Inc.
Attn:  David Schatz
P.O. Box 92
700 Schatz Lane
Sullivan, MO  63080
Fax:  (636) 742-4990

Michael E. Kaemmerer
McCarthy, Leonard, Kaemmerer, Own,
McGovern & Striler, L.C.
Counsel for Schatz Enterprises, Inc.
400 South Woods Mill Road - Suite 250
Chesterfield, MO 63017
Fax: (314) 392-5221


**Parties Requesting Notice**

Kevin B. Duff
Edwin L. Durham
RACHLIS, DURHAM, DUFF & ADLER,
LLC
**Counsel for Qwest Corporation**
542 S. Dearborn Street, Suite 1310
Chicago IL 60605
Telephone: (312) 733-3390
Fax: (312) 733-3952
kduff@rddlaw.net
eldurham@rddlaw.net

Andrew H. Sherman
**SILLS CUMMIS EPSTEIN & GROSS PC**
**Counsel for Qwest Corporation**
One Riverfront Plaza
Newark, New Jersey 07102
Telephone: (973) 643-7000
Fax: (973) 643-6500
asherman@ sillscummis.com

John Stine
GE Commercial Finance Capital Solutions
Operations Counsel Special Assets
10 Riverway Drive
Danbury, CT 06812
Telephone: (203) 749-6734
Fax: (203) 749-4530
Email: john.stine@ge.com

Randall M. Smith
**SMITH & BROCKHAGE, LLP**
**Counsel for City of Santa Rosa, California**
3480 Buskirk Avenue, Suite 200
Pleasant Hill, CA 94523
Telephone: (925) 296-0636
Fax: (925) 296-0640

Brian J. Farrell
Patrick C. Wilson
**CITY ATTORNEY'S OFFICE**
**Counsel for City of Santa Rosa, California**
100 Santa Rosa Avenue - Room 8
Santa Rosa, CA 95402
Telephone: 707-543-3040
Fax: (707) 543-3055

Gene R. Clark
HSBC Mortgage Services
1270 Northland Drive, Suite 200
Mendota Heights, MN 55120

Jay A. Kohler
**Counsel for K&M Services**
**d/b/a K/M Services**
482 Constitution Way, Suite 313
Idaho Falls, ID 83402
Telephone: 208-524-3272

Darryl S. Laddin
Frank N. White
Arnall Golden Gregory LLP
171 17th Street NW, Suite 210
Atlanta, GA 30363-1031
Fax: (404) 873-8121

Fax:  (208) 524-3619

Big Shot Underground Utility Specialists, LLC
Robert Cowherd
**CHAPMAN, COWHERD, TURNER & TSCHANNEN, P.C.**
903 Jackson Street
Chillicothe, MO  64601
Telephone:  660-646-0627
Fax: (660) 646-1105
Email: dthompson@ccttlaw.com

Mary E. Lopinot
**MATHIS, MARIFIAN, RICHTER & GRANDY, LTD.**
**Counsel for Delaine Randall**
23 Public Square, Suite 300
P.O. Box 307
Beleville, IL  62220
Telephone: (618) 234-9800
Fax: (618) 234-9786

Eric S. Prezant, Esq
Leslie Allen Bayles, Esq.
**VEDDER, PRICE, KAUFMAN & KAMMHOLZ, P.C.**
**Counsel for Delaine Randall**
222 North LaSalle Street
Suite 2600
Chicago, IL  60601-1003
Telephone: (312) 609-7500
Fax: (312) 609-5005
eprezant@vedderprice.com
lbayles@vedderprice.com

Harold E. McKee
Mary E. Gardner
**RIORDAN, DONNELLY, LIPINSKI & MCKEE LTD.**
**Counsel for Diversified Directional Boring, Inc. and Facteon, Inc.**
10 North Dearborn Street
4th Floor
Chicago, IL  60602
Telephone: (312) 663-9400
Fax:  (312) 663-1028

Elizabeth Weller
**LINEBARGER GOGGAN BLAIR & SAMPSON, LLP**
**Counsel for Dallas County**
2323 Bryan Street
Suite 1600
Dallas, TX  75201
Telephone:  (214) 880-0089
Fax:  (469) 221-5002
Email:  dallas.bankruptcy@publicans.com

Jed W. Manwaring, Esq.
**EVANS KEANE LLP**
**Counsel for Idaho Power Company**
P.O. Box 959
1405 West Main Street
Boise, ID  83701
Telephone:  (208) 384-1800
Fax:  (208) 345-3514
Email:  jmanwaring@evanskeane.com

Michael M. Eidelman
Ryan O. Lawlor
**VEDDER, PRICE, KAUFMAN & KAUFMAN & KAMHOLZ, P.C.**
**Local Counsel for Idaho Power Company**
222 North LaSalle Street
Suite 2600
Chicago, IL  60601-1003
Telephone: (312) 609-7500
Facsimile: (312) 609-5005

Patricia E. Rademacher
Jennifer Rojas
**COSTON & RADEMACHER**
**Counsel for General Electric Capital Corporation**
105 West Adams
Suite #1400
Chicago, IL  60603
Telephone:  (312) 205-1010
Fax:  (312) 205-1011

Email:  meidelman@vedderprice.com
rlawlor@vedderprice.com

Email: prademacher@costonlaw.com
jrojas@costonlaw.com

Kenneth A. Cripe, Esq.
**CONWAY & MROWIEC**
20 S. Clark Street
Suite 750
Chicago, IL  60603
Telephone: (312) 658-1100
Fax:  (312) 658-1201
kac@cmcontractors.com

Mark Sorrentino
State of Maryland Department of Labor,
Licensing and Regulation
Office of Unemployment Insurance
Contributions Division
Litigation and Prosecution Unit
1100 North Eutaw Street
Room 401
Baltimore, MD  21201
Fax:  (410) 333-5059

Richard G. Jensen
**FABYANSKE, WESTRA, HART &
THOMSON, P.A.**
800 N. LaSalle Avenue, Suite 1900
Minneapolis, MN  55402
Telephone:  (612) 359-7600
Fax:  (612) 338-3857

Steven A. Ginther
Missouri Department of Revenue
General Counsel's Office
301 W. High Street, Room 670
P.O. Box 475
Jefferson City, MO  65105-0475
Telephone:  (573) 751-5531
Fax: (573) 751-7232

Brian J. Farrell
Patrick C. Wilson
**CITY ATTORNEY'S OFFICE**
**Counsel for City of Santa Rosa, California**
100 Santa Rosa Avenue - Room 8
Santa Rosa, CA  95402
Telephone:  707-543-3040
Fax:  (707) 543-3055

Francis X. Buckley, Jr.
Seth A. Albin
**THOMPSON COBURN LLP**
**Counsel for Gahr Line and Cable LLC**
One U.S. Bank Plaza
St. Louis, MO  63101
Telephone: (314) 552-6010
Fax: (314) 552-7010
fbuckley@thompsoncoburn.com
salbin@thompsoncoburn.com

John F. West
**VINSON & ELKINS, L.L.P.**
**Counsel for RLI Insurance Company**
2300 First City Tower
1001 Fannin Street
Houston, TX  77002
Fax: (713) 615-5841
Email:  jwest@velaw.com

Anthony L. Leffert
**ROBINSON WATERS O'DORISIO**
1099 18th Street - Suite 2600
Denver, CO  80202-1926
Fax:  (303) 297-2750

**COUNSEL FOR CASE CREDIT
CORPORATION**
Gary E. Green
William Kent Carter
**FAGEL HABER LLC**
**Counsel for Case Credit Corporation**
55 East Monroe Street
Chicago, IL  60603
Telephone:  (312) 346-7500
Fax:  (312) 782-7115
ggreen@fagelhaber.com
wcarter@fagelhaber.com

Bankruptcy Administration
IKON Financial Services
1738 Bass Road
P.O. Box 1378
Macon, GA  31208-3708
Telephone:  (478) 405-4001
Fax:  (478) 405-4043

Amy Galvin Grogan
**GARELLI & ASSOCIATES, P.C.**
340 W. Butterfield Road
Suite 2A
Elmhurst, IL  60126
**As Counsel for Defendant:**
        **Collins Consulting, Inc.**
Telephone:  630-833-5533
Fax:  630-833-6855

John P. Dillman
**LINEBARGER COGGAN BLAIR &
SAMPSON, LLP**
1301 Travis St #300
Houston, TX  77002
**As Counsel for Defendants:**
        **Harris County**
        **Dallas County**
        **City of Houston ISD**
Telephone:  713-844-3478
Fax:  713-844-3503
houston_bankruptcy@publicans.com

Qwest Corporation
Attn:  Mark D. Schmidt
700 Mineral Ave., MN B1429
Littleton, CO  80120
Telephone:  303-707-2774
Fax:  303-707-7448

Howard A. Wolf-Rodda
**EPSTEIN BECKER & GREEN, P.C.**
1227 25th Street, N.W.
Suite 700
Washington, D.C.  20037
**As Counsel for Defendant:**
        **Field Support Services, Inc.**
Telephone:  202-861-1899
Fax:  202-861-3535

Kristine Stamps
c/o Qwest Services Corporation
200 S. 5th Street, Suite 2300
Minneapolis, MN  55402

Hans U. Stucki
Kevin J. Ryan
**EPSTEIN BECKER & GREEN, P.C.**
150 N. Michigan Avenue
Chicago, IL  60601
**As Counsel for Defendant:**
        **Field Support Services, Inc.**
Telephone:  312-845-1948
Fax: 312-845-1998

Tennessee Department of Revenue
c/o TN Attorney General's Office,
Bankruptcy Division
P.O. Box 20207
Nashville, TN  37202-0207
Telephone: 615-532-2504
Fax: 615-741-3334

Timothy L. Binetti
**RIFFNER, BARBER, ROWDEN &
MANASSA**
1834 Walden Office Square
Suite 500
Schaumburg, IL  60173
Telephone:  847-303-0107
Fax:  847-303-6621
**As Counsel for Defendants:**

| | |
|---|---|
| **3C Construction & Landscape, Inc.** | **Direct Buried Construction, Inc.** |
| **JT&T** | **Hanco Utilities** |
| **Beckstrom Construction** | **Metropolitan Underground** |
| **Leeb Underground LLC** | **Services, Inc.** |
| **Christensen Utilities** | **Eagle West, Inc.** |
| **Metro Underground, Inc.** | **Mudman Utilities, Inc.** |
| | **Red Line Tech LLC** |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ORIUS CORP., et al., | ) | Case No. 05-63876 |
| | ) | (Jointly Administered Cases) |
| Debtors, | ) | |
| | ) | Hon. Bruce W. Black |
| | ) | |
| | ) | Hearing Date: February 28, 2007 |
| | ) | Hearing Time: 9:30 a.m. |

## COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION

| | |
|---|---|
| Name of Applicant: | Lord, Bissell & Brook LLP |
| Authorized to Provide Professional Services to: | Orius Corp. and its related debtor entities |
| Date of Order Authorizing Employment: | January 3, 2006 effective December 12, 2005 |
| Period for Which Compensation is Sought: | May 1, 2005 through December 21, 2005 |
| Amount of Fees Sought: | $1,646,484.10 |
| Amount of Expense Reimbursement Sought: | $91,059.75 |

This is a(n): _____ Interim Application      ___X___ Final Application

If this is <u>not</u> the first application filed herein filed by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees and Expenses) | Total Allowed | Any Amount Ordered Withheld |
|---|---|---|---|---|
| July 13, 2006 | December 12, 20045 through April 30, 2006 | $1,598,474.51 | 1,595,114.75 | $3,359.76 |

The aggregate amount of fees and expenses paid to the Applicant to date for services rendered and expenses incurred herein is $3,068,198.54

Applicant:                              Lord, Bissell & Brook LLP

Date:   January 19, 2007              By: _____ /s/ Aaron C. Smith _____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ORIUS CORP., et al., | ) | Case No. 05-63876 |
| | ) | (Jointly Administered) |
| Debtors, | ) | |
| | ) | Hon. Bruce W. Black |
| | ) | |
| | ) | Hearing Date: February 28, 2007 |
| | ) | Hearing Time: 9:30 a.m. |

**FINAL FEE APPLICATION OF LORD BISSELL & BROOK LLP AS COUNSEL FOR
ORIUS CORP. FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT
OF EXPENSES, LIMITED NOTICE AND RELATED RELIEF**

Forrest B. Lammiman and the law firm of Lord, Bissell & Brook LLP (collectively, "Lord Bissell") apply to this Court pursuant to 11 U.S.C. §§ 327, 330 and 331, Rules 2002(a)(6), 2016(a), 9006(c)(1) and 9007 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 5082-1 for the allowance of $1,646,484.10 in compensation for 4,719 hours of professional services rendered as counsel to Orius Corp. and its affiliates (collectively, the "Debtors")[1] for the period May 1, 2006 through and including December 21, 2006 (the "Application Period"), and the reimbursement of $91,059.75 for actual costs incurred incident to those services. In addition, Lord, Bissell requests that additional notice to all creditors of the hearing on this application (the "Application") be waived. In support of this Application, Lord Bissell states as follows:

---

[1] The Debtors in the above-captioned case are Orius Corp., NATG Holdings, LLC, Orius Telecom Services, Inc., Orius Telecommunications Services, Inc., Orius Central Office Services, Inc., Texor, Inc., CATV Subscriber Services, Inc., Hattech, Inc., Channel Communications, Inc., LISN, Inc., Copenhagen Utilities & Construction, Inc., LISN Company, and U.S. Cable, Inc.

## BACKGROUND

1.      On December 12, 2005 (the "Petition Date"), each of the Debtors filed its respective voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code") with the United States Bankruptcy Court for the Northern District of Illinois (the "Court"), commencing the above-captioned chapter 11 cases.  The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(c) and 1108 of the Bankruptcy Code.

2.      On December 21, 2005, the Office of the Untied States Trustee appointed the Committee pursuant to section 1102 of the Bankruptcy Code.

3.      On November 16, 2006 the Court confirmed the Debtors' Second Amended Joint Plan of Liquidation (the "Plan") which thereafter became effective on December 21, 2006.

4.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## RETENTION OF LORD BISSELL

5.      On December 13, 2006, the Debtors applied to this Court for an order approving the retention of Lord Bissell as their counsel in connection with their bankruptcy cases (collectively, the "Cases").  On January 3, 2006, this Court entered an order (the "Retention Order") approving the retention of Lord Bissell as counsel to the Debtors.  A copy of the Retention Order is attached hereto as Exhibit A.  The Retention Order authorized Lord Bissell to seek interim compensation and reimbursement of expenses pursuant to this Court's Order Establishing Professional Fee Application Procedures dated January 3, 2006 (the "Interim Compensation Order").

6.       On August 29, 2006, the Court entered its Findings of Fact and Conclusions of Law in Support of Order Awarding to Lord Bissell & Brook, LLP, Attorneys for Orius Corp., for Allowance and Payment of Interim Compensation and Reimbursement of Expenses (the "First Order Awarding Compensation and Expenses)" in which the Court awarded Lord Bissell compensation totaling $1,481,039.00 and expenses totaling $114,075.75 for services provided by Lord Bissell for the benefit of the Debtors from December 12, 2004 through and including April 30, 2006.

## GENERAL STATUS OF THE CASES

7.       Prior to the Petition Date, the Debtors were a nationwide provider of construction, deployment, and maintenance services to customers operating within the telecommunications, broadband, gas, and electric utilities, as well as several government industries.  The Debtors' principal office was located in Barrington, Illinois, but the Debtors also had major offices in metropolitan St. Louis, Minneapolis, Boise, and Portland.  On the Petition Date, the Debtors employed approximately 700 employees in 15 states.

8.       From the inception of these cases, the Debtors anticipated a sale of their assets. Accordingly, on the Petition Date, the Debtors filed a motion that (i) requested the Court's approval of an auction, and bidding procedures for such auction, based upon a prepetition "stalking horse" bid obtained by the Debtors from a potential buyer of the Debtors' fixed assets, and (ii) sought the Court's approval of the sale of the Debtors fixed assets free and clear of liens, claims and encumbrances.  Following a competitive bidding process pursuant to bidding procedures approved by the Court, on February 16, 2006 the Court approved the sale of substantially all of the Debtors' fixed assets (the "Sale") for $8.9 million to a joint venture composed of (i) Schatz Enterprises, Inc. ("Schatz") and (ii) a joint venture composed of Hilco Industries LLC and Rabin Worldwide ("Hilco-Rabin").  The Sale closed effective as of March 1,

2006. The proceeds of the Sale are subject to first priority liens asserted by Deutsche Bank Trust

Company Americas, as agent (the "Agent") for the lenders (the "Lenders") party to that certain

Credit Agreement dated as of January 23, 2003.

9.       Since vacating their principal office, the Debtors relocated to a temporary space in

suburban Chicago, where John Starr, the Debtors' former Vice President of Finance and

Secretary and only remaining employee, facilitated the liquidation of the Debtors' remaining

assets.  On November 16, 2006 the Court confirmed the Debtors' Plan, which thereafter became

effective on December 21, 2006 (the "Effective Date").  Through the Effective Date, Lord

Bissell continued to analyze and resolve objections to claims filed by creditors in these cases,

pursued litigation on behalf of the Debtors, and worked toward satisfying all conditions

precedent to making the Plan effective.  After the Effective Date, Lord Bissell continued its

services relating to the Debtors' cases on behalf of John Starr, as trustee of the Orius Liquidating

Trust.

## SERVICES RENDERED BY LORD BISSELL GENERALLY

10.       During the Application Period, Lord Bissell attorneys and paralegals spent 4,719

hours providing professional services on behalf of the Debtors in connection with these cases.

The fees for these services total $1,646,484.10, which equates to a blended rate of $348.90 per

hour of service.  All of the services for which compensation is requested were services that, in

Lord Bissell's billing judgment, were necessarily rendered after due consideration of the

expected cost and anticipated benefit of such services.

11.       Lord Bissell has been instrumental in preserving, liquidating, and protecting the

Debtors' assets in a manner most likely to maximize their value for the benefit of the Debtors'

creditors.  Among other services provided by Lord Bissell during the Application Period, Lord

Bissell assisted the Debtors in recovering accounts receivable totaling $3,451,493, out of a total

$7,388,474 in accounts receivables outstanding at the beginning of the Application Period.  Lord

Bissell also assisted in analyzing and, when necessary, objecting to claims filed against the

Debtors' estates.  For instance, approximately $8,700,000 priority claims were filed against the

Debtors' estates.  On behalf of the Debtors, Lord Bissell objected to many of these priority

claims, the result, through settlement or adjudication of these objections, is that the total allowed

priority claims asserted against the Debtors was reduced to approximately $450,000.  Finally,

during the Application Period, Lord Bissell, on behalf of the Debtors, negotiated, drafted, and

successfully sought confirmation of the Debtors' Second Amended Joint Plan of Liquidation.

12.     In evaluating this Application, this Court should consider the value of the services

rendered by Lord Bissell on behalf of the Debtors and the Debtors' estates, the nature and

complexity of the issues presented, the skill required to perform the legal services properly, the

customary fees charged by other professionals in these cases and in similar cases, the experience

and ability of the attorneys involved, and the amount of awards of compensation in similar cases.

These factors, whether viewed individually or collectively, support an award of the

compensation sought in this Application.

## SERVICES RENDERED BY LORD BISSELL

13.     Lord Bissell provided professional services to the Debtors with respect to

virtually every aspect of the Debtors' cases.  All of the services for which compensation is

requested were services that, in Lord Bissell's judgment, were necessarily rendered after due

consideration of the expected costs and anticipated benefits of such services.  Attached to this

Application as Exhibits B through O[2] are detailed statements of the services rendered by Lord

Bissell and the amounts of time spent by Lord Bissell professionals in providing these services.

All of the time described in Exhibits B through O represent the actual amount of time spent by

---

[2] The monthly statements, which are voluminous, will be made available in hard copy or in PDF format upon
reasonable request.

attorneys and paralegals of Lord Bissell who rendered the described services.  Exhibit P sets

forth the expenses incurred incident to these services.

14.     In an effort to provide the Court and parties in interest with understandable

information concerning the amount and nature of Lord Bissell's services during the Application

Period, and in compliance with Local Bankruptcy Rule 5082-1, Lord Bissell has classified its

services into fourteen (14) separate categories of services as follows:

| Description | Total Hours | Total Fees Incurred |
|---|---|---|
| Case Administration | 45.30 | $8,706.50 |
| Asset Analysis and Recovery | 95.40 | $40,591.00 |
| Asset Disposition | 52.20 | $18,382.60 |
| Relief From Stay/Adequate Protection Proceedings | 57.50 | $19,868.00 |
| Meetings of and Communications with Creditors | 3.40 | $2,108.00 |
| Fee/Employment Applications | 213.40 | $75,712.50 |
| Assumption/Rejection of Leases and Contracts | 30.60 | $10,038.50 |
| Other Contested Matters | 1,544.80 | $593,748.00 |
| Business Operations | 99.80 | $41,093.50 |
| Financing/Cash Collateral | 11.10 | $5,052.00 |
| Tax Issues | 7.20 | $3,087.00 |
| Board of Directors Matters | 23.90 | $12,736.50 |
| Claims Administration and Objections | 1,900.20 | $554,975.50 |
| Plan and Disclosure Statement | 634.40 | $258,464.50 |
| **TOTAL** | 4,719.00 | $1,646,484.10 |

15.     The following is a separate description of each of Lord Bissell's principal

categories of activities, which generally describe the tasks performed.  Each of the monthly

invoices previously provided by the Debtors to this Court and other parties entitled to notice

thereof pursuant to the Interim Compensation Order provide: (a) detailed descriptions of all

services rendered in each of the above categories and (b) the timekeeper, date and amount of

time expended in each category.  Summary charts for each such category setting forth each

professional who rendered services in each category, the amount of time spent by each such professional in providing these services, and the value of these services, are set forth below.

### Case Administration

16.  Lord Bissell expended 45.30 hours of professional services having a value of $87,706.50 during the Application Period in connection with services pertaining to general case administration.  Services rendered by Lord Bissell in this category generally include the following:  (a) assisting with the preparation of monthly operating reports; (b) updating schedules of proofs of claim; (c) preparing and updating the list of creditors requesting notice in the Debtors' cases; (d) assisting in the compliance with United States Trustee requirements; and (e) providing miscellaneous services for the benefit of the Debtors that are not otherwise categorized in this Application.  As required by Local Rule 5082-1(c), a detailed statement of services rendered in connection with this subject matter is annexed to this Application as Exhibit B.  Moreover, the chart below is a summary of the total amount of time entered by each timekeeper during the Application Period for services relating to case administration, as well as the corresponding dollar value for those services.

| Professional | Hours | Amount |
|---|---|---|
| Timothy Brink | .80 | $368.00 |
| Folarin Dosunmu | .60 | $147.00 |
| Francis Rowinski | 43.50 | $8,047.50 |
| Aaron Smith | .40 | $144.00 |
| TOTAL | 45.30 | $8,706.50 |

### Asset Analysis and Recovery

17.  Lord Bissell expended 95.4 hours of professional services having a value of $40,591.00 during the Application Period in connection with services pertaining to asset analysis and recovery of assets.  Much of this time was spent analyzing and recovering amounts owed to

the Debtors by their customers for services provided by the Debtors for the benefit of these customers, and negotiating and drafting stipulations with these customers to effectuate the transfer of accounts receivable to the Debtors in return for a mechanism to ensure that these customers' rights under state law and under relevant contracts were preserved.   As required by Local Rule 5082-1(c), a detailed statement of services rendered in connection with this subject matter is annexed to this Application as Exhibit C.  Moreover, the chart below is a summary of the total amount of time entered by each timekeeper during the Application Period for services relating to asset analysis and recovery of assets, as well as the corresponding dollar value of those services.

| Professional | Hours | Amount |
|---|---|---|
| Timothy Brink | 1.20 | $552.00 |
| Norris Clark | .40 | $220.00 |
| Folarin Dosunmu | 2.90 | $710.00 |
| Katherine Harris | 12.10 | $3,146.00 |
| Tracie Jarmu-Greene | 2.60 | $507.00 |
| Forrest Lammiman | 43.50 | $26,970.00 |
| Timothy McFadden | 5.50 | $1,650.00 |
| Travis Rojakovick | 21.90 | $4,927.50 |
| Aaron Smith | 5.30 | $1,908.00 |
| **TOTAL** | 95.40 | $40,591.00 |

### Asset Disposition

18.     Lord Bissell expended 52.20 hours of professional services having a value of $18,382.60 during the Application Period in connection with services pertaining to the disposition of assets.  Services rendered by Lord Bissell in this category generally include the following:  (a) participating in post-closing activities concerning the Sale; (b) effectuating the sale of the Debtors' remaining assets after the Sale; and (c) working on the return of certain letter of credit proceeds.  As required by Local Rule 5082-1(c), a detailed statement of services rendered in connection with this subject matter is annexed to this Application as Exhibit D.

Moreover, the chart below is a summary of the total amount of time entered by each timekeeper during the Application Period for services relating to the disposition of assets, as well as the corresponding dollar value of those services.

| Professional | Hours | Amount |
|---|---|---|
| Timothy Brink | 7.90 | $3,634.00 |
| Mark Goodman | 1.40 | $719.60 |
| Katherine Harris | 14.20 | $3,692.00 |
| David Kendall | 3.00 | $1,440.00 |
| Forrest Lammiman | 7.00 | $4,340.00 |
| Timothy McFadden | 1.60 | $480.00 |
| Travis Rojakovick | 15.40 | $3,465.00 |
| Aaron Smith | 1.70 | $612.00 |
| TOTAL | 52.20 | $18,382.60 |

### Relief from Stay/Adequate Protection Proceedings

19.     Lord Bissell expended 57.50 hours of professional services having a value of $19,868.00 during the Application Period in connection with services relating to termination or continuation of the automatic stay under section 362 of the Bankruptcy Code and the provision of adequate protection.  Services rendered by Lord Bissell in this category generally include the following: (a) negotiating, drafting, and/or responding to motions to lift the automatic stay; and (b) notifying certain creditors of potential violations of the automatic stay.  As required by Local Rule 5082-1(c), a detailed statement of services rendered in connection with this subject matter is annexed to this Application as Exhibit E.  The chart below is a summary of the total amount of time entered by each timekeeper during the Application Period for services relating to relief from stay/adequate protection proceedings, as well as the corresponding dollar value of those services.

| Professional | Hours | Amount |
|---|---|---|
| Timothy Brink | 15.30 | $7,038.00 |
| Folarin Dosunmu | 4.70 | $1,151.50 |
| Forrest Lammiman | 2.90 | $1,798.00 |
| Timothy McFadden | 26.50 | $7,950.00 |

| | | |
|---|---|---|
| Travis Rojakovick, | 7.30 | $1,642.50 |
| Aaron Smith | .80 | $288.00 |
| **TOTAL** | 57.50 | $19,868.00 |

## **Meetings of and Communications with Creditors**

20.     Lord Bissell expended 3.40 hours of professional services having a value of

$2,108.00 during the Application Period in connection with services relating to meetings of and

communications with creditors.  Services rendered by Lord Bissell in this category generally

include the following: (a) communicating with creditors; and (b) communicating with the

Creditors' Committee and the Lenders.  As required by Local Rule 5082-1(c), a detailed

statement of services rendered in connection with this subject matter is annexed to this

Application as Exhibit F.  The chart below is a summary of the total amount of time entered by

each timekeeper during the Application Period for services relating to meetings of and

communications with creditors, as well as the corresponding dollar value of those services.

| Professional | Hours | Amount |
|---|---|---|
| Forrest Lammiman | 3.40 | $2,108.00 |
| **TOTAL** | 3.40 | $2,108.00 |

## **Fee and Employment Applications**

21.     Lord Bissell expended 213.40 hours of professional services having a value of

$75,712.50 during the Application Period in connection with services relating to fee and

employment applications.  Services rendered by Lord Bissell in this category generally include

the following: (a) drafting interim fee notices for Lord Bissell and other professionals employed

by the Debtors in these cases pursuant to the Order Establishing Professional Fee Application

Procedures granted in this case on January 3, 2006; (b) drafting the First Interim Fee Application

of Lord Bissell & Brook LLP as Counsel for Orius Corp. for Allowance of Compensation and

Reimbursement of Expenses, Limited Notice and Related Relief filed by the Debtors on July 13,

2006; and (c) drafting applications to employ certain professionals employed by the Debtors in

these cases.  As required by Local Rule 5082-1(c), a detailed statement of services rendered in

connection with this subject matter is annexed to this Application as <u>Exhibit G</u>.  The chart below

is a summary of the total amount of time entered by each timekeeper during the Application

Period for services relating to fee and employment applications, as well as the corresponding

dollar value of those services.

| Professional | Hours | Amount |
|---|---|---|
| Timothy Brink | 13.90 | $6,394.00 |
| Folarin Dosunmu | 16.50 | $4,042.50 |
| Katherine Harris | 6.20 | $1,612.00 |
| Forrest Lammiman | 16.70 | $10,354.00 |
| Timothy McFadden | 72.10 | $21,630.00 |
| Aaron Smith | 88.00 | $31,680.00 |
| TOTAL | 213.40 | $75,712.50 |

**<u>Assumption and Rejection of Leases and Contracts</u>**

22.    Lord Bissell expended 30.60 hours of professional services having a value of

$10,038.50 during the Application Period in connection with services relating to the assumption

and rejection of  leases and contracts.  Services rendered by Lord Bissell in this category

generally include the following: (a) examining and reviewing unexpired leases and executory

contracts and conferences with the Debtors to determine which of such unexpired leases and

executory contracts should be assumed and assigned or rejected; (b) conducting an analysis of

rejection damages relating to the rejection of leases and contracts; and (c) filing motions to

assume or reject certain unexpired leases and executory contracts.  As required by Local Rule

5082-1(c), a detailed statement of services rendered in connection with this subject matter is

annexed to this Application as <u>Exhibit H</u>.  The chart below is a summary of the total amount of

time entered by each timekeeper during the Application Period for services relating to

Assumption/Rejection of Leases and Contracts, as well as the corresponding dollar value of

those services.

| Professional | Hours | Amount |
|---|---|---|
| Timothy Brink | 5.60 | $2,576.00 |
| Forrest Lammiman | 1.10 | $682.00 |
| Tim McFadden | 19.80 | $5,940.00 |
| Travis Rojakovick | .30 | $67.50 |
| Francis Rowinski | 3.40 | $629.00 |
| Aaron Smith | .40 | $144.00 |
| TOTAL | 30.60 | $10.038.50 |

**Other Contested Matters**

23.     Lord Bissell expended 1,544.80 hours of professional services having a value of

$593,748.00 during the Application Period relating to analysis and preparation of all motions not

otherwise characterized in this Motion, oppositions to motions not otherwise characterized in this

Application, and reply memoranda in support of such motions, and pursuing litigation on behalf

of the Debtors that is not otherwise characterized in this Application.  Services rendered by Lord

Bissell in this category generally include the following: (a) drafting, filing, serving, and

presenting various motions, pleadings, and orders not covered by specific categories in this

Application; (b) discussing motions, pleadings, and orders not covered by specific categories in

this Application with the Debtors, the Lenders, and the Creditors' Committee; (c) pursuing

litigation on behalf of the Debtors in jurisdictions other than the Northern District of Illinois; (d)

pursuing litigation against certain of the Debtors' customers who refused to pay amounts owed to

the Debtors by these customers; (e) analyzing potential actions to avoid preferential transfers; (f)

participating in omnibus hearings, meetings, telephone conferences, and other activities where

multiple matters were discussed, analyzed, or otherwise acted upon; and (g) drafting stipulations

with certain of the Debtors' customers to ensure payment of all amounts owed by these

customers to the Debtors.  As required by Local Rule 5082-1(c), a detailed statement of services

rendered in connection with this subject matter is annexed to this Application as Exhibit I.  The

chart below is a summary of the total amount of time entered by each timekeeper during the

Application Period for services relating to Other Contested Matters, as well as the corresponding

dollar value of those services.

| Professional | Hours | Amount |
|---|---|---|
| Timothy Brink | 96.60 | $44,436.00 |
| Folarin Dosunmu | 59.50 | $14,577.50 |
| Katherine Harris | 94.80 | $24,648.00 |
| Brian Hays | 5.20 | $1,794.00 |
| Patrick Jones | 2.60 | $936.00 |
| David Kendall | 2.00 | $960 |
| Forrest Lammiman | 323.10 | $200,322.00 |
| Timothy McFadden | 313.90 | $94,170.00 |
| Travis Rojakovick | 155.10 | $34,897.50 |
| Francis Rowinski | 3.00 | $555.00 |
| Aaron Smith | 478.70 | $172,332.00 |
| Joshua Wayser | 10.30 | $4,120.00 |
| **TOTAL** | 1,544.80 | $593,155.10 |

## Business Operations

24.     Lord Bissell expended 99.80 hours of professional services having a value of

$41,093.50 during the Application Period on services relating to the operation of the Debtors'

business while in chapter 11.  Services rendered by Lord Bissell in this category generally

include the following: (a) analyzing issues relating to various performance bonds that impacted

the Debtors; (b) working with the Debtors' management on various personnel issues; (c) work on

various issues relating to the Debtors' insurance program; (d) analyzing the Debtors' accounts

receivable and facilitating the recovery of these accounts receivable; and (e) conferring with the

Debtors' management regarding daily operations.  As required by Local Rule 5082-1(c), a

detailed statement of services rendered in connection with this subject matter is annexed to this

Application as Exhibit J.  The chart below is a summary of the total amount of time entered by

each timekeeper during the Application Period for services relating to the Debtors' business

operations, as well as the corresponding dollar value of those services.

| Professional | Hours | Amount |
|---|---|---|
| Jonathan Bank | .40 | $224.00 |
| Timothy Brink | 1.40 | $644.00 |
| Folarin Dosunmu | 5.00 | $1,225.00 |
| Mark Goodman | 2.00 | $1,028.00 |
| Katherine Harris | 5.80 | $1,508.00 |
| David Kendall | 11.50 | $5,520.00 |
| Patricia Knorre | .90 | $171.00 |
| Forrest Lammiman | 26.70 | $16,554.00 |
| Timothy McFadden | 20.60 | $6,180.00 |
| Travis Rojakovick | 5.20 | $1,170.00 |
| Francis Rowinski | 1.50 | $277.50 |
| Ingrid Scheckel | 1.10 | $220.00 |
| Aaron Smith | 17.70 | $6,372.00 |
| TOTAL | 99.80 | $41,093.50 |

### Financing and Cash Collections

25.     Lord Bissell expended 11.1 hours of professional services having a value of

$5,052.00 during the Application Period on services relating to financing and cash collateral

issues, including matters arising under sections 361, 363, and 364 of the Bankrutpcy Code such

as cash collateral and secured claims.  Services rendered by Lord Bissell in this category

generally include the following: (a) revising cash collateral motions and proposed orders; (b)

correspondence with the Lenders regarding the use of their cash collateral; and (c) formulating a

budget in these cases.  As required by Local Rule 5082-1(c), a detailed statement of services

rendered in connection with this subject matter is annexed to this Application as Exhibit K.  The

chart below is a summary of the total amount of time entered by each timekeeper during the

Application Period for services relating to financing and cash collections issues, as well as the

corresponding dollar value of those services.

| Professional | Hours | Amount |
|---|---|---|
| Timothy Brink | 1.20 | $552.00 |
| Forrest Lammiman | 3.60 | $2,232.00 |
| Aaron Smith | 6.30 | $2,268.00 |
| TOTAL | 11.10 | $5,052.00 |

## Tax Issues

26.     Lord Bissell expended 7.20 hours of professional services having a value of

$3,087.00 during the Application Period on services relating to the analysis of tax issues and

providing advise to the Debtors regarding tax issues.  As required by Local Rule 5082-1(c), a

detailed statement of services rendered in connection with this subject matter is annexed to this

Application as Exhibit L.  The chart below is a summary of the total amount of time entered by

each timekeeper during the Application Period for services relating to these tax issues, as well as

the corresponding dollar value of those services.

| Professional | Hours | Amount |
|---|---|---|
| Timothy Brink | 1.60 | $736.00 |
| Forrest Lammiman | 1.60 | $992.00 |
| Travis Rojakovick | 2.30 | $517.50 |
| John Truskowski | 1.70 | $841.50 |
| TOTAL | 7.20 | $3,087.00 |

## Board of Directors Matters

27.     Lord Bissell expended 23.90 hours of professional services having a value of

$12,736.50 during the Application Period on services relating to matters concerning the Debtors'

Board of Directors, including the preparation of materials for, and attendance at, the Debtors'

Board of Directors meetings, analysis and advice regarding corporate governance issues, and the

review and preparation of corporate documents.  As required by Local Rule 5082-1(c), a detailed

statement of services rendered in connection with this subject matter is annexed to this

Application as <u>Exhibit M</u>.  The chart below is a summary of the total amount of time entered by

each timekeeper during the Application Period for services relating to these Board of Directors

matters, as well as the corresponding dollar value of those services.

| Professional | Hours | Amount |
|---|---|---|
| Timothy Brink | 4.90 | $2,254.00 |
| Folarin Dosunmu | .10 | $24.50 |
| David Kendall | 2.50 | $1,200.00 |
| Forrest Lammiman | 12.90 | $7,998.00 |
| Aaron Smith | 3.50 | $1,260 |
| **TOTAL** | 23.90 | $12,736.50 |

## Claims Administration and Objections

28.     Lord Bissell expended 1,900 hours of professional services having a value of

$554,975.50 during the Application Period on services relating to claims administration and

preparing objections to claims asserted against the Debtors' estates.  Services rendered by Lord

Bissell in this category generally include the following: (a) responding to specific inquiries by

holders of claims against the Debtors' estates; (b) analyzing claims asserted against the Debtors'

estates; (d) maintaining indexes of proofs of claim; and (e) negotiations with certain of the

Debtors' subcontractors and suppliers who asserted claims against trust accounts established by

the Debtors for the purpose of paying the claims of holders of valid lien claims against the

Debtors, the Debtors' customers, or the Debtors' customers' customers.  As required by Local

Rule 5082-1(c), a detailed statement of services rendered in connection with this subject matter

is annexed to this Application as <u>Exhibit N</u>.  The chart below is a summary of the total amount of

time entered by each timekeeper during the Application Period for services relating to Claims

Administration and Objections, as well as the corresponding dollar value of those services.

| Professional | Hours | Amount |
|---|---|---|
| Timothy Brink | 144.60 | $66,516.00 |
| Lynn Corbett | .40 | $54.00 |
| Folarin Dosunmu | 198.70 | $48,681.50 |
| Katherine Harris | 87.00 | $22,620.00 |
| David Kendall | 18.50 | $8,880.00 |
| Patricia Knorre | 1.20 | $228.00 |
| Forrest Lammiman | 123.80 | $76,756.00 |
| Timothy McFadden | 382.70 | $114,810.00 |
| Travis Rojakovick | 326.00 | $73,350.00 |
| Francis Rowinski | 452.00 | $83,620.00 |
| Ingrid Scheckel | .30 | $60.00 |
| Aaron Smith | 165.00 | $59,400.00 |
| **TOTAL** | 1900.20 | $554,975.50 |

## Plan and Disclosure Statement

29.     Lord Bissell expended 630.20 hours of professional services having a value of $258,464.50 during the Application Period negotiating and drafting the Debtors' Second Amended Joint Plan of Liquidation, the disclosure statement in support of the Debtors' Second Amended Joint Plan of Liquidation, and the Orius Liquidation Trust Agreement.  Services rendered by Lord Bissell in this category generally include the following:(a) negotiating the Debtors' Second Amended Joint Plan of Liquidation and prior versions of this plan of liquidation, the disclosure statement in support of the Debtors' Second Amended Joint Plan of Liquidation, and the Orius Liquidation Trust Agreement with the Lenders, the Committee, and certain creditors of the Debtors, and (b) drafting the Memorandum of Law in Support of Adequacy of the Disclosure Statement and Confirmation of Second Amended Joint Plan of Liquidation Proposed by the Debtors; and (c) responding to objections to confirmation of the Debtors' Second Amended Joint Plan of Liquidation.  As required by Local Rule 5082-1(c), a detailed statement of services rendered in connection with this subject matter is annexed to this Application as Exhibit O.  The chart below is a summary of the total amount of time entered by

each timekeeper during the Application Period for services relating to the Plan and Disclosure

Statement, as well as the corresponding dollar value of those services.

| Professional | Hours | Amount |
|---|---|---|
| Timothy Brink | 13.70 | $6,302.00 |
| Folarin Dosunmu | 11.40 | $2,793.00 |
| Katherine Harris | 4.10 | $1,066.00 |
| David Kendall | 9.00 | $4,320.00 |
| Forrest Lammiman | 171.80 | $106,516.00 |
| Timothy McFadden | 75.90 | $22,770.00 |
| Travis Rojakovick | 16.80 | $3,780.00 |
| Francis Rowinski | 39.90 | $7,381.50 |
| Aaron Smith | 287.60 | $103,536.00 |
| TOTAL | 634.20 | $260,384.50 |

### Summary of Services Rendered By Professional

30.     In summary, the total compensation sought for each professional with respect to

the aforementioned categories is as follows:

| Professional | Position | Rate | Hours | Amount |
|---|---|---|---|---|
| Jonathan Bank | Of Counsel | $560 | .4 | $224.00 |
| Timothy Brink | Partner | $460 | 308.70 | $142,002.00 |
| Norris Clark | Specialist | $550 | .40 | $220.00 |
| Lynn Corbett | Librarian | $135 | .40 | $54.00 |
| Folarin Dosunmu | Associate | $245 | 299.40 | $73,353.00 |
| Mark Goodman | Partner | $514 | 3.40 | $1,747.60 |
| Katherine Harris | Associate | $260 | 224.20 | $58,292.00 |
| Brian Hays | Associate | $345 | 5.20 | $1,794.00 |
| Patrick Jones | Associate | $360 | 2.60 | $936.00 |
| Tracie Jermu-Greene | Paralegal | $195 | 2.60 | $507.00 |
| David Kendall | Partner | $480 | 50.50 | $24,240.00 |
| Patricia Knorre | Paralegal | $190 | 2.10 | $399.00 |
| Forrest Lammiman | Partner | $620 | 738.10 | $457,622.00 |
| Timothy McFadden | Associate | $300 | 918.60 | $275,580.00 |
| Travis Rojakovick | Associate | $225 | 550.30 | $123,817.50 |
| Ingrid Scheckel | Paralegal | $200 | 1.40 | $280.00 |
| Aaron Smith | Associate | $360 | 1,055.40 | $379,944.00 |
| John Truskowski | Partner | $495 | 1.70 | $841.50 |
| Joshua Wayser | Partner | $400 | 10.30 | $4,120.00 |
| TOTAL | | | 4,719.00 | $1,646,484.10 |

31.     The hourly rates charged by Lord Bissell with respect to the Debtors' chapter 11 cases compare favorably with the rates charged by other Chicago metropolitan firms having attorneys and paralegals with similar experience and expertise as the Lord Bissell professionals providing services to the Debtors in connection with these cases.  Further, the amount of time spent by Lord Bissell with respect to Debtors' chapter 11 cases is reasonable given the difficulty of the issues presented, the time constraints imposed by the circumstances, the amounts at stake, the sophistication and experience of opposing counsels, and the ultimate benefit to the estates.

32.     Lord Bissell has conscientiously attempted to avoid having multiple attorneys appear or confer on behalf of the Debtors.  In certain circumstances, however, it was necessary for more than one Lord Bissell attorney to appear in Court at the same time.  When possible, Lord Bissell would have one attorney handle multiple matters on the Court's calendar. Similarly, on certain occasions, Lord Bissell had more than one attorney attend a meeting to strategize on issues that had particular import on multiple areas of these cases.  To the greatest extent possible, meetings, court appearances, negotiations and other matters were handled on an individual basis.

33.     The issues presented by the Debtors' chapter 11 cases have been legally and factually complex, and the amounts at stake significant.  Given the criteria set forth in section 330 of the Bankruptcy Code, namely (i) the nature, extent and value of the services; (ii) the time spent; (iii) the rates charged for such services; (iv) the performance of the services within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue or task addressed; and (v) the reasonableness in other bankruptcy and non-bankruptcy matters, Lord Bissell respectfully submits that the requested interim compensation represents a fair and reasonable amount that should be allowed in full.

## EXPENSES

34.     The actual and necessary costs expended by Lord Bissell during the Application

Period are detailed in Exhibit P.  The requested reimbursement amount for expenses incurred by

Lord Bissell is $91,059.75.  All of the expenses for which reimbursement is sought are expenses

that Lord Bissell customarily recoups from all of its clients.

35.     The specific expenses incurred during the Application Period for which

reimbursement is requested are as follows:

| Category | Amount |
|---|---|
| Photocopy | $8,092.20 |
| Outside Copy and Mail Service | $38,512.00 |
| PACER Fees | $2,897.80 |
| Local and Long Distance Telephone/Teleconference | $186.58 |
| Online Legal Research (Westlaw/Lexis/UCC Searches) | $33,439.34 |
| Commercial Messenger Delivery and Overnight Delivery (Federal Express, UPS, etc.) | $2,464.09 |
| Postage | $1,760.11 |
| Parking | $24.00 |
| Out of City Travel | $852.43 |
| Filing Fees | $1,490.00 |
| Process Server Fees | $242.00 |
| Transcripts | $573.00 |
| Lien Searches and Binding | $526.20 |
| **TOTAL** | **$91,059.75** |

36.     Photocopy:  Photocopy charges include internal and outsourced copies.

Generally, Lord Bissell makes all copies internally.  Although Lord Bissell charges all of  its

clients a charge of $.11 per page for all copies, Lord Bissell has voluntarily reduced its per page

copy charge to $.10 in order to comply with this Court's Standing Order No. 4.  Lord Bissell

maintains a record of copy charges made through a computerized system, which requires the

operator to input a client's billing code on a keypad attached to the copier.  Where a large copy

job may be more efficiently conducted by an outside copying service, Lord Bissell charges the

actual costs for this expense.  Outsourced copying services may include binding or color copying.

37.     <u>Outside Copy and Mailing Service:</u>  During the Application Period, the Debtors were required to serve a number of documents and pleadings via "mass mailings" to all known parties-in-interest and creditors of the Debtors.  Specifically, the Debtors were required to mail to all known creditors and parties-in-interest copies of the Debtors' Second Amended Joint Plan of Liquidation, the disclosure statement in support of the Debtors' Second Amended Joint Plan of Liquidation, and a notice of amendments to the Debtors' Second Amended Joint Plan of Liquidation.  Each of these documents were required to be copied and mailed to thousands of creditors and parties-in-interest.  Lord Bissell determined that it would be most efficient and beneficial to the Debtors' estates if an outside copy service, C2 Legal, copied these documents, placed them in envelopes, and mailed them to all known parties-in-interest.  C2 Legal charged $.10 per page to copy these documents, and charged $.25 per recipient to create a label with each recipients' name, place these labels on envelopes, place the document to be served in each such envelope, and mail these envelopes.  C2 Legal also passed on to the Debtors the United States postal service's standard rates for domestic and international mail as part of their fee.  C2 Legal did not profit from these postal charges.

38.     Lord Bissell and the Debtors determined that the rates charged by C2 Legal were standard in C2 Legal's industry and were less than those fees that would be charged by Lord Bissell if its attorneys and paralegals were required to oversee the service of these documents. Lord Bissell accordingly determined that it was in the best interests of the Debtors and their estates for C2 Legal to effectuate the copying and mailing of these documents.

39.     <u>Legal Research Charges (Westlaw/PACER)</u>:  Lord Bissell has negotiated a discounted contract for Westlaw services.  Westlaw charges set forth in this Application reflect

the allocation of actual discounted expense incurred by Lord Bissell for the use of Westlaw.

Lord Bissell makes no profit on Westlaw or other legal research expenses.  Lord Bissell submits

that its Westlaw package provides the most cost-efficient means of access to computerized legal

research, and the lowest cost possible to the client.  Lord Bissell uses PACER to monitor docket

activity and obtain documents filed with the Court without the necessity of a trip to the

courthouse.  Lord Bissell makes no profit on Westlaw, PACER, or other legal research expenses.

40.     <u>Telephone Conference Services</u>.  Lord Bissell utilized a competitively priced

telephone conferencing service for its conference calls among the Debtors, CDG, the Lenders,

the Committee, and other creditors and parties-in-interest.

41.     <u>Postage/Messenger Delivery/Overnight Delivery</u>:  In order to keep overnight

delivery carrier charges to a minimum, service of most pleadings was accomplished by ordinary

mail or fax.  Where expedited delivery was necessary to ensure timely delivery of sensitive

information, Lord Bissell used overnight U.S. Mail, Federal Express, UPS, or local messenger

service.

42.     All expenses incurred by Lord Bissell incidental to its services were customary

and necessary expenses.  All expenses billed to the Debtors were billed in the same manner as

Lord Bissell bills non-bankruptcy clients.  Further, the expenses for which reimbursement is

sought constitute the types and amounts previously allowed by bankruptcy judges in this and

other judicial districts.

<b><u>PAYMENTS RECEIVED BY LORD BISSELL TO DATE</u></b>

43.     As set forth above, this Court, in the First Order Awarding Compensation and

Expenses, awarded Lord Bissell compensation totaling $1,481,039.00 and expenses totaling

$114,075.75 (the "<u>First Approved Fees and Expenses</u>") for services provided by Lord Bissell for

the benefit of the Debtors from December 12, 2004 through and including March 31, 2006.  Lord

Bissell has received payment in full of the First Approved Fees and Expenses. Lord Bissell seeks reaffirmation of the compensation and expenses allowed in the First Order Awarding Compensation and Expenses.

44.     Pursuant to the Retention Order and the Interim Compensation Order, Lord Bissell submitted monthly notices of interim fees (each, a "Monthly Statement") to the Debtors, the Creditors' Committee, the Lenders, and other parties entitled to notice thereof in which Lord Bissell sought interim compensation and expense reimbursement pursuant to the Interim Compensation Order. To date, Lord Bissell has received $1,473,083.79 in payment of fees and expenses during the Application Period. The chart below sets forth the legal fees and expense reimbursements received by the Debtors pursuant to these Monthly Statements during the Application Period.

| Statement for Period Ending: | Payments Actually Received | | |
|---|---|---|---|
| | 90% Legal Fees | 100% Expenses | Subtotal |
| May 31, 2006 | $249,766.20 | $9,639.92 | **$259,406.12** |
| June 30, 2006 | $213,179.49 | $6,618.80 | **$219,798.29** |
| July 31, 2006 | $137,743.65 | $10,269.27 | **$148,012.92** |
| August 31, 2006 | $175,226.40 | $5,533.34 | **$180,759.74** |
| September 30, 2006 | $194,287.50 | $0.00 | **$194,287.50** |
| October 31, 2006 | $230,671.34 | $38,249.02 | **$268,920.36** |
| November 30, 2006 | $189,207.90 | $12,690.96 | **$201,898.86** |
| | | | |
| **Total** | $1,390,082.48 | $83,001.31 | **$1,473,083.79** |

45.     Lord Bissell received no objection to the Monthly Statements for the period beginning May 1, 2006 through and including November 30, 2006. As of the date of this Application, Lord Bissell has received payments of $1,473,083.79, which represents 90% of the fees requested and 100% of the expenses requested with respect to each monthly statement filed during this Application Period.

46.     Lord Bissell incurred $4,976.17 in expenses during the period ending September 30, 2006 (the "September Expenses"). Due to an accounting error, the Debtors did not pay these

expenses.  In addition, Lord Bissell incurred fees of $101,948.00 and expenses in the amount of $3,917.41 from December 1, 2006 through December 21, 2006 (the "December Fees and Expenses"), but has not receive payment from the Debtors for the December Fees and Expenses.  By this Application, Lord Bissell seeks allowance of the December Fees and Expenses and the September Expenses, and an order directing the Debtors to pay the December Fees and Expenses and the September Expenses.

## COMPENSATION AND EXPENSES REQUESTED

47.    From May 1, 2006 through November 30, 2006, Lord Bissell incurred fees totaling $1,544,536.10.  The Debtors have, pursuant to the Interim Compensation Order, paid Lord Bissell 90% of these fees, or $1,390,082.48 during the Application Period.  The Debtors accordingly owe Lord Bissell the remaining 10% of fees incurred by Lord Bissell during the Application Period, or $154,453.61 (the "Holdback").  The Debtors also owe Lord Bissell the December Fees and Expenses, which total fees of $101,948.00 and expenses of $3,917.41, as well as the September Expenses that total $4,976.17.  Thus, the Debtors owe Lord Bissell a total of $265,295.19 (the "Fees and Expenses Owed").  Lord Bissell accordingly seeks an order directing the Trustee of the Orius Liquidation Trust, as representative of the estates of the Debtors, to pay Lord Bissell $265,295.19, the remaining Fees and Expenses Owed.[3]

## COMPLIANCE WITH 11 U.S.C. § 504

48.    Other than as provided for and allowed by 11 U.S.C. § 504, there is no agreement between Lord Bissell and any other firm, person, or entity for the sharing or division of any compensation paid or payable to Lord Bissell.

## NOTICE

---

[3] Lord Bissell currently holds a retainer of $137,715.28 that was provided to Lord Bissell by the Debtors prior to the Petition Date.  Lord Bissell plans to apply this retainer to fees and expenses incurred by Lord Bissell after the Effective Date.

49.     Notice of this Application has been provided to the (a) the Debtors; (b) the Office of the United States Trustee; (c) counsel to the Official Committee of Unsecured Creditors of Orius Corp.; (c) counsel to the Agent; and (d) parties who have requested notice in these cases. Based on the extent of notice already provided and the costs and burdens of transmitting notice to all of the Debtors' creditors, Lord Bissell respectfully requests that additional notice of the hearing on this Application be waived for good cause shown pursuant to Rules 2006(a), 2002(i) and 9007 of the Federal Rules of Bankruptcy Procedure.  Moreover, based on the Court's limited availability in February 2007, and in light of the 20-day notice period prescribed in Bankruptcy Rule 2002(a), this Application has been noticed beyond the time prescribed for under Local Rule 9013-1.  Lord Bissell respectfully requests that the Court approve such extended notice pursuant to Bankruptcy Rule 9006(b)(1).

WHEREFORE, Lord Bissell requests that entry of an order, substantially in the form attached hereto as Exhibit Q:

(a)     Allowing compensation to Lord Bissell for the Application Period beginning May 1, 2006 through and including December 21, 2006 in the amount of $1,646,484.10;

(b)     Allowing expense reimbursement to Lord Bissell for the Application Period beginning May 1, 2006 through and including December 31, 2006 in the amount of $91,059.75;

(c)     Authorizing the payment to Lord Bissell for compensation in the aggregate amount of $1,646,484.10 and expense reimbursement to Lord Bissell of $91,059.75 from the Trustee of the Orius Liquidation Trust, as representative of the estates of the Debtors;

(d)     Directing the Trustee of the Orius Liquidation Trust, as representative of the

estates of the Debtors, to pay Lord Bissell the balance due of $265,295.19 after

the application of the payments received by Lord Bissell pursuant to the Monthly

Statements under the Retention Order and Interim Compensation Order;

(e)     Reaffirming the fees and expenses allowed in the First Order Awarding

Compensation and Expenses;

(f)     Approving the extended notice of this application pursuant to Bankruptcy Rule

9006(b)(1);

(g)     Waiving other and further notice of the hearing with respect to this Application;

and

(h)     Providing Lord Bissell with such additional relief as may be appropriate and just

under the circumstances.

Dated January 19, 2007                          LORD BISSELL & BROOK LLP

                                                        /s/ Forrest B. Lammiman

                                                Forrest B. Lammiman
                                                Timothy W. Brink
                                                Aaron C. Smith
                                                Timothy S. McFadden
                                                Folarin S. Dosunmu
                                                Lord, Bissell & Brook LLP
                                                111 South Wacker Drive
                                                Chicago, IL  60606
                                                Tel: (312) 443-0675
                                                Fax: (312) 443-6295